UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUBHAS CHANDRA, M.D.,                             :
                                                  :
            Plaintiff,                          :
                                                  :    09 Civ. 6619 (RMB) (GWG)
       -against-                                :
                                                  :    **<u>DECISION & ORDER</u>**
BETH ISRAEL MEDICAL CENTER and                    :
I. MICHAEL LEITMAN, M.D.,                         :
                                                  :
           Defendants.                         :
                                                  :
------------------------------------------------------------X

**I.    Background**

On June 30, 2010, Dr. Subhas Chandra ("Plaintiff" or "Chandra") filed a Second Amended Complaint ("Complaint") against Beth Israel Medical Center ("Beth Israel") and Dr. I. Michael Leitman (collectively, "Defendants"), alleging, among other things, that Defendants discriminated against Chandra on the basis of his national origin when they terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981.  (Compl. ¶¶ 1−3.)

On July 15, 2010, Defendants filed a motion to dismiss the Complaint ("Motion") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that: (1) "the doctrine of primary jurisdiction requires the [New York State Public Health Council ('PHC')] to review Beth Israel's medical competence grounds for not renewing Plaintiff's contract prior to the commencement of any lawsuit"; and (2) Plaintiff's in forma pauperis application, filed July 27, 2009, "violated and abused the Federal in forma pauperis [('IFP')] statute, 28 U.S.C. § 1915(e)(2)(A)."  (Defs.' Mem. of Law in Supp. of Mot. to Dismiss, dated July 14, 2010, at 1, 10.)  On August 12, 2010, Plaintiff submitted an

opposition arguing, among other things, that: (1) "applying the doctrine of primary jurisdiction [is not appropriate] in an employment discrimination case"; and (2) "Plaintiff did not misrepresent his financial condition on his request to proceed in forma pauperis." (Pl.'s Opp'n to Defs.' Mot. to Dismiss, dated Aug. 9, 2010, at 3, 12, 14.) On September 24, 2010, Defendants submitted a reply. (See Defs.' Reply Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss, dated Sept. 24, 2010.)

On December 3, 2010, United States Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Motion be denied because, among other reasons: (1) the doctrine of primary jurisdiction only applies "when a legitimate medical reason for the [hospital's] termination [of a physician] is a 'complete defense' to the physician's claim"; and (2) Plaintiff's "allegation of poverty" was not "untrue" under 28 U.S.C. § 1915(e)(2)(A). (Report at 8, 13−14 (internal citations omitted).)

The Report instructed the parties that they had "fourteen (14) days from service of this Report to file written objections." (Report at 14.)

On December 17, 2010, Defendants submitted objections to the Report ("Objections") arguing, among other things, that the Report's application of "a 'complete defense' test to primary jurisdiction . . . would gut PHC review, because almost any physician could assert that the reason behind a hospital's adverse action is discrimination and that the hospital's stated medical competence reasons for its actions was pretextual." (Mem. of Law in Supp. of Defs.' Mot. for Review of, and Objections to, Report, dated Dec. 17, 2010 ("Defs. Obj."), at 10.) In the alternative, Defendants move for certification of the issue concerning PHC review for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Defs. Obj. at 19.) Defendants do not

object to Judge Gorenstein's findings with respect to Plaintiff's in forma pauperis application. On January 18, 2011, Plaintiff filed a response to Defendants' Objections ("Response"), arguing, among other things, that "a discrimination claim exists whether a hospital had a legitimate medical reason to terminate a physician or not." (Pl.'s Resp., dated Jan. 18, 2011, at 3.)

**For the reasons set forth below, the Court adopts the Report in its entirety.**

**II.     Legal Standard**

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  When evaluating the report and recommendation of a magistrate judge, the district court "may adopt those portions of a report to which no objections have been made, as long as those portions are not facially erroneous." Fosen v. The N.Y. Times, No. 03 Civ. 3785, 2006 WL 2927611, at *3 (S.D.N.Y. Oct. 11, 2006).  A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge.  See Braunstein v. Barber, No. 06 Civ. 5978, 2009 WL 1542707, at *1 (S.D.N.Y. 2009).

Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002).

**III.    Analysis**

The facts and procedural history set forth in the Report are incorporated herein by reference.  The Court has conducted a de novo review of the Report, applicable legal authorities,

3

Defendants' Objections, and Plaintiff's Response. Neither party's submission provides a basis for departing from the Report's recommendations.[1]

**(1)   Primary Jurisdiction**

Judge Gorenstein properly concluded that the doctrine of primary jurisdiction does not apply to the facts of this case because, among other reasons, "the medical reasons for [Plaintiff's] termination," i.e., Plaintiff's alleged failings in surgical competency, would not be a "complete defense" to Plaintiff's employment discrimination claim. (Report at 8); see Johnson v. Nyack Hosp., 964 F.2d 116, 121 (2d Cir. 1992). Plaintiff could "potentially prevail on his claim even if the hospital had legitimate medical reasons for its actions." (Report at 9); see also Tassy v. Brunswick Hosp. Ctr., Inc., 296 F.3d 65, 69−70 (2d Cir. 2002); Hamad v. Nassau Cnty. Med. Ctr., 191 F. Supp. 2d 286, 298 (E.D.N.Y. 2000) (where "even if PHC finds that defendants had a legitimate reason for the termination of [the physician's] surgical privileges, [the physician] may still prevail in this action if he can prove that the proffered reasons were merely pretext for discrimination"); Franzon v. Massena Mem'l Hosp., 977 F. Supp. 160, 165–66 (N.D.N.Y. 1997) ("[Plaintiff] maintains an actionable retaliatory harassment claim regardless of whether his privileges are justifiably terminated."); Deshpande v. Medisys Health Network, Inc., No. 07 Civ. 375, 2008 WL 2004160, at *3–4 (E.D.N.Y. May 7, 2008).

And, under 28 U.S.C. § 1292(b), a district judge may certify a question for interlocutory appeal where: "(1) the decision to be appealed involves a controlling issue of law; (2) there is a substantial ground for difference of opinion on the controlling issue of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." EEOC v. Maggies

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any Objections not specifically addressed in this Order have been considered de novo and rejected.

Paratransit Corp., 351 F. Supp. 2d 51, 52 (E.D.N.Y. 2005). Defendants fail to show at least two of these three criteria, i.e., they fail to demonstrate that there is a "substantial ground for difference of opinion" as to the controlling question of law, or that this interlocutory appeal would "advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). And, because Defendants have not met their high burden of showing "exceptional circumstances," the Court declines to certify immediate appellate review. See Martens, 238 F. Supp. 2d at 599; Maggies Paratransit Corp., 351 F. Supp. 2d at 52–55.

### (2) In Forma Pauperis

Judge Gorenstein correctly concluded that Plaintiff's omission of a relatively low amount of income on the IFP form did not mean that Plaintiff "intentionally misrepresented his income in an attempt to . . . avoid the payment of filing fees." (Report at 14 (quoting Morales v. E.I. Du Pont De Nemours & Co., No. 02 Civ. 786A, 2004 WL 2106590, at *2 (W.D.N.Y. Sept. 21, 2004)) (internal quotation marks omitted)); see 28 U.S.C. § 1915(e)(2)(A).

### IV.  Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Judge Gorenstein's Report [#65] in its entirety and denies Defendants' motion to dismiss [#58]. The parties are hereby directed to appear on Wednesday, January 26, 2011 at 9:00 a.m. in Courtroom 21B, 500 Pearl Street, U.S. District Courthouse for a settlement/scheduling conference with principals. The parties are instructed to engage in good faith settlement negotiations prior to the conference.

Dated: New York, New York
       January 19, 2011

_____
Richard M. Berman, U.S.D.J.