Marvin Wexler (MW-6521)
Daniel Cohen (DC-8719)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, NY 10017
(212) 418-8640
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SUBHAS CHANDRA,                                    :
                                                   :
                    Plaintiff,                     :
                                                   :        Case No. 09-CV-6619 (RMB)
        - against-                                 :        (GWG)
                                                   :
BETH ISRAEL MEDICAL CENTER, et ano.,               :        ECF CASE
                                                   :
                    Defendants.                    :        **ANSWER**
-------------------------------------------------------------------X

    Defendants Beth Israel Medical Center ("Beth Israel") and I. Michael Leitman, M.D.

("Dr. Leitman"), by their attorneys Kornstein Veisz Wexler & Pollard LLP, for their Answer to

Plaintiff's Second Amended Complaint, with knowledge as to their own actions and otherwise

upon information and belief:

    1.    With respect to the allegations in paragraph 1 of the Complaint, admit only that

Plaintiff purports to characterize and quote a statute, and refer to the statute itself for the contents

thereof.

    2.    With respect to the allegations in paragraph 2 of the Complaint, admit only that

Plaintiff purports to characterize and quote a statute and a case, and refer to the statute and the

case for the contents thereof.

1755100RESDAC.00002.wpd

3.      With respect to the allegations in paragraph 3 of the Complaint, admit only that Plaintiff purports to bring this action under the statutes cited.

4.      With respect to the allegations in paragraph 4 of the Complaint, admit only that Plaintiff purports to found subject matter jurisdiction on the statutes cited, and refer to the statutes for the contents thereof.

5.      With respect to the allegations in paragraph 5 of the Complaint, admit only that Beth Israel is organized under the laws of New York and headquartered in New York City and that Plaintiff purports to found venue on the statute cited, and refer to the statute for the content thereof.

6.      Deny the allegations in paragraph 6 of the Complaint, except admit that Plaintiff filed administrative charges with the New York State Division of Human Rights and the EEOC, and that the EEOC dismissed those charges on March 27, 2009.

7.      Deny knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 7 of the Complaint and, with respect to the second sentence, admit only that Plaintiff was in a surgical residency program at Beth Israel between July 2002 and June 2003, and between July 2005 and June 2007.

8.      With respect to the allegations in paragraph 8 of the Complaint, admit the allegations in the first sentence and, with respect to the second sentence, admit only that Plaintiff was in a surgical residency program at Beth Israel.

9.      With respect to the allegations in paragraph 9 of the Complaint, admit the allegations in the first sentence and, with respect to the second sentence, admit only that Dr. Leitman supervised the surgical residency program between July 2005 and June 2007.

2

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.    With respect to the allegations in paragraph 13 of the Complaint, admit only that Plaintiff was a preliminary resident in Beth Israel's Department of Surgery between July 2002 and June 2003.

14.    With respect to the allegations in paragraph 14 of the Complaint, admit only that a surgery residency program is a five-year program, and that a preliminary resident is accepted only for a one-year training program; and further state that a categorical resident also receives a one-year contract only, renewable from year to year contingent upon satisfactory performance, until the categorical resident completes the program.

15.    Admit the allegations in paragraph 15 of the Complaint, except state that "PGY5" refers to the year of residency and "chief resident" refers to a position with a defined set of responsibilities.

16.    With respect to the allegations in paragraph 16 of the Complaint, admit only that in 2002-2003 Plaintiff was in a one-year training program as a preliminary resident.

17.    With respect to the allegations in paragraph 17 of the Complaint, admit only that Plaintiff was a preliminary resident at Beth Israel for his PGY1 year and thereafter obtained a position at Montefiore as a PGY2.

3

18.     With respect to the allegations in paragraph 17 of the Complaint, admit only that Plaintiff purports to characterize certain rules and refer to such rules for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of those allegations.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except admit that Plaintiff had a fellowship in burn surgery at Jacobi Medical Center from 2004-2005.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admit that Plaintiff interviewed for a categorical residency with Dr. Surick in the spring of 2005.

21.     Deny the allegations in paragraph 21 of the Complaint.

22.     Deny the allegations in paragraph 22 of the Complaint.

23.     With respect to the allegations in paragraph 23 of the Complaint, state that the allegations are too vague to permit a proper response and admit only that Kelly Rippey and Alexander Allori were categorical residents.

24.     Deny the allegations in paragraph 24 of the Complaint.

25.     Deny the allegations in paragraph 25 of the Complaint.

26.     With respect to the allegations in paragraph 26 of the Complaint, state that the allegations are too vague to permit a proper response and admit only that Plaintiff received comments from faculty during his PGY3 relating to his failure to perform at the required standard during that year.

27.     With respect to the allegations in paragraph 27 of the Complaint, admit the

4

allegations in the first sentence, and with respect to the second sentence admit only that Plaintiff

purports to characterize the purpose and design of the ABSITE exam, and refer to the following

statement by the American Board of Surgery concerning such purpose and design:

> The American Board of Surgery offers annually to general surgery
> residency programs the In-Training Examination (ABSITE), a
> multiple-choice examination designed to measure the progress
> attained by residents in their knowledge of basic science and the
> management of clinical problems related to general surgery. The
> ABSITE is furnished to program directors as an evaluation
> instrument to assess residents' progress.

28.    With respect to the allegations in paragraph 28, admit only that Plaintiff purports

partially to quote ACGME guidelines, and refer to the ACGME guidelines themselves for the

contents thereof, which state in relevant part:

> Residents must demonstrate knowledge of established and
> evolving biomedical, clinical, epidemiological and social
> behavioral sciences, as well as the application of this knowledge to
> patient care.
>
>                              * * *
>
> Assessment should specifically monitor the resident's knowledge
> by use of a formal exam such as the American Board of Surgery In
> Training Examination (ABSITE) or other cognitive exams.  Test
> results should not be the sole criterion of resident knowledge, and
> should not be used as the sole criterion for promotion to a
> subsequent PG level.

29.    Deny the allegations in paragraph 29 of the Complaint, except admit the

allegations in the first two sentences other than the modifiers "nevertheless" and "as a result."

30.    Deny the allegations in paragraph 30 of the Complaint, except admit that Plaintiff

was required to attend 12 tutorial sessions that were designed to remediate his medical

knowledge deficits, and admit that Plaintiff purports to offer a partial quotation of an email by

Dr. Enker and refer to the full text of that email for the contents thereof.

31.   Deny the allegations in paragraph 31 of the Complaint, except admit that Beth Israel's Surgery Department cited Plaintiff's poor performance in tutorials as one reason his performance was lacking and admit that Plaintiff failed to attend a tutorial with Dr. Svahn.

32.   Admit the allegations in paragraph 32 of the Complaint.

33.   Deny the allegations in paragraph 33 of the Complaint, except admit that Plaintiff received evaluations during his PGY4 year from Drs. Surick, Lo, Picon and others relating to his failure to perform at the required standard during that year.

34.   Deny the allegations in paragraph 34 of the Complaint.

35.   Deny the allegations in paragraph 35 of the Complaint.

36.   Admit the allegations in paragraph 36 of the Complaint, except deny that Plaintiff's failure of the ABSITE exam was due to inadequate training by Hospital faculty.

37.   Deny the allegations in paragraph 37 of the Complaint, except admit that in March 2007 Dr. Leitman recommended that Plaintiff take a critical care fellowship.

38.   Deny the argumentative and rhetorical portions of the allegations in paragraph 38 of the Complaint, and state that Dr. Prieto received a written warning and a remedial plan after his PGY4 ABSITE exam result, and that Dr. Taylor received a written warning and remedial plan after his ABSITE exam result.

39.   Deny the allegations in paragraph 39 of the Complaint.

40.   Deny the allegations in paragraph 40 of the Complaint, except admit that Plaintiff asked Dr. Leitman to write a letter and further state that Dr. Leitman wrote a letter, which he understood was satisfactory to ECFMG.

6

41.     Deny knowledge and information sufficient to form a belief concerning the allegations in paragraph 41 of the Complaint.

42.     Deny the allegations in paragraph 42 of the Complaint, except admit that Ohio State offered Plaintiff a critical care fellowship and that the program director at Ohio State spoke with Dr. Leitman.

43.     Deny the allegations in paragraph 43 in the Complaint, except admit that Dr. Leitman suggested that Plaintiff seek a PGY4 year at another hospital, and that when Plaintiff belatedly requested to repeat his PGY4 year at Beth Israel the request was denied.

44.     Deny the allegations in paragraph 44 of the Complaint, except admit that in or about May 2007, Plaintiff was admitted to the Hospital's psychiatric ward.

45.     Deny the allegations in the first two sentences of paragraph 45 in the Complaint, except admit that Dr. Leitman asked Plaintiff how to contact the ECFMG representative, and deny knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence.

46.     Deny the allegations in paragraph 46 of the Complaint, and state that Dr. Leitman wrote a letter to the ECFMG which he believed was satisfactory.

47.     Deny the allegations in paragraph 47 of the Complaint, except admit that Plaintiff spoke with Gale Cantor in June 2007, and requested information about appealing the Department of Surgery's decision not to promote Plaintiff to a PGY5.

48.     Deny the allegations in paragraph 48 of the Complaint, except admit that Dr. Leitman made several efforts to reach Plaintiff.

49.     Deny the allegations in paragraph 49 of the Complaint, except admit that Plaintiff

was given the option of resigning or receiving formal written notice of Beth Israel's previously announced decision not to promote Plaintiff to a chief residency.

50. Deny the allegations in paragraph 50 of the Complaint, except admit that Plaintiff was given the option of resigning or receiving formal written notice of the decision not to promote him to a chief residency and Plaintiff chose the latter.

51. Deny knowledge or information sufficient to form a belief as to Plaintiff's awareness, and otherwise deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint, except admit that Plaintiff appealed the decision of Beth Israel's Surgery Department to a Hospital Grievance Committee.

54. Deny the allegations in paragraph 54 of the Complaint, except admit that the hearings took place over four sessions and that the Hospital Grievance Committee sustained the decision by Beth Israel's Department of Surgery.

55. Deny the allegations in paragraph 55 of the Complaint, except admit that the Grievance Committee's decision was sustained by the Appellate Review Committee.

56. Deny the allegations in paragraph 56 of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny the allegations in paragraph 59 of the Complaint.

FIRST AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

8

61. The New York Public Health Council ("PHC") has primary jurisdiction over this action and the Complaint must be dismissed under Public Health Law § 2801-b and under the rule of primary jurisdiction for initial review by the PHC.

### THIRD AFFIRMATIVE DEFENSE

62. The Complaint should be dismissed because Plaintiff's in forma pauperis application was materially false.

### FOURTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred by the applicable statute of limitations and/or failure to file timely charges with an administrative agency.

### FIFTH AFFIRMATIVE DEFENSE

64. Plaintiff failed to exhaust administrative remedies, including but not limited to with respect to any hostile work environment claim.

### SIXTH AFFIRMATIVE DEFENSE

65. Defendants acted for legitimate nondiscriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

66. Under the applicable rules, Beth Israel could not appoint Plaintiff to a Chief Residency due to Plaintiff's insufficient number of operative cases.

### EIGHTH AFFIRMATIVE DEFENSE

67. Even if Plaintiff had been offered a PGY5 contract, that offer would have been withdrawn and/or any such contract terminated, upon discovery of Plaintiff's falsification of his surgical logs.

### NINTH AFFIRMATIVE DEFENSE

9

68.     Beth Israel has reasonable antidiscrimination policies and procedures in place. Plaintiff failed to use those procedures with respect to any claimed discrimination, and Plaintiff did not provide any notice to Defendants of any claimed discrimination.

## TENTH AFFIRMATIVE DEFENSE

69.     Defendants' judgment as to whether Plaintiff met the educational requirements for a chief surgery residency is subject to an academic privilege and, as such, not subject to judicial review.

## ELEVENTH AFFIRMATIVE DEFENSE

70.     Assuming arguendo that Plaintiff's race, ethnicity or national origin was a motivating factor in any action of which he complains, Defendants would have taken the same action in the absence of that factor, and that bars any claim.

## COUNTERCLAIM

71.     On June 29, 2005, Plaintiff and Beth Israel entered a lease agreement under which Plaintiff agreed to rent Apartment 17B at 353 East 17th Street ("the Apartment") at an initial rate of $1,912.00 per month, subject to Beth Israel's right to increase the monthly charge.

72.     Over time, the rent was increased to $2,108.00 per month.

73.     The parties' lease agreement further provides that Plaintiff shall reimburse Beth Israel for all costs and expenses, including legal fees and expenses, incurred by Beth Israel for any legal action or proceedings brought by Beth Israel as a result of a breach of the agreement.

74.     Plaintiff lived in the Apartment until he vacated it in February 2008.

75.     Periodically during the period that he occupied the Apartment, Plaintiff received and retained rental statements without protest. In addition, after Plaintiff was not promoted to

PGY5, Plaintiff acknowledged his continuing lease obligation in writing, stating: "I completeley [*sic*] understand it is my responsibility. I will be taking care of the rent as soon as i am done iwth [*sic*] my appeal process."

76.    Despite the foregoing, Plaintiff did not pay any rent between July 2007 and February 2008.

77.    Beth Israel applied Plaintiff's security deposit of $1,913.57 to his outstanding rent obligations, leaving a balance due of $15,926.16.

78.    As a result of the foregoing, rent in the amount of $15,926.16 is due and owing from Plaintiff to Beth Israel, plus interest and the costs of collection.

WHEREFORE, Defendants demand judgment as follows:

1.  Dismissing all of the claims against Defendants, with costs;

2.  Awarding Defendant Beth Israel $15,926.16 on its Counterclaim, together with interest, costs and the expenses of the proceedings, including reimbursement of Beth Israel's attorneys fees; and

3.  Granting such other and further relief as is just and proper.

Dated:  New York, New York
       February 2, 2011

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: _____
    Daniel Cohen (DC-8719)
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants

11

TO:    Steve A. Morelli, Esq.
          Law Office of Steven A. Morelli
          1461 Franklin Avenue
          Garden City, NY 11530
          Attorneys for Plaintiff